United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JOSEPH RUIZ, | No. C 07-326 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| EVERETT W. FISHER; et al., | |
| Defendants. | |

## INTRODUCTION

Ruben Joseph Ruiz, currently incarcerated at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Ruiz complains about the proceedings used to validate him as an associate of the EME prison gang and the resultant placement in administrative segregation ("ad-seg"). The complaint alleges the following:

Ruiz was validated as a gang associate in 2000 when he was incarcerated at High Desert State Prison. Institutional gang investigators R. S. Johnson and K. Clement sent a gang validation/classification package to special agent John Harrison. On December 22, 2000, a CDC-128B2 was written by John Harrison and stated that Ruiz was validated as a

prison gang associate. On March 1, 2001, Ruiz was informed that he had been validated as a gang associate but was not informed of the source items used to validate him as a gang associate until March 14, 2001. Ruiz alleges he was not given an opportunity to present his views to the decision-maker who validated him in 2000.

On April 1, 2001, Ruiz was transferred from High Desert State Prison to Pelican Bay State Prison for an indeterminate term in the security housing unit ("SHU") based on the validation.

Ruiz filed an administrative appeal concerning his validation and received a director's level decision in 2001 denying relief. See Complaint, ¶ 17 and Exh. G. Ruiz then filed petitions for writ of habeas corpus in state court. Eventually, the Del Norte County Superior Court ordered a new validation hearing.

On April 8, 2005, institutional gang investigator Devon Hawkes gave Ruiz notice of the source items that were sought to be used to validate him. Ruiz was interviewed by Hawkes. After the interview, three of the seven source items were removed from consideration and four source items were submitted to the LEIU decision maker, Everett W. Fisher. Ruiz alleges that, at the conclusion of the interview with Hawkes, "an informal nonadversary hearing was conducted via closed circuit T.V. connection. Ruiz was afforded the opportunity to present his views to the decision maker, Everett W. Fisher." Complaint, ¶ 26. Ruiz alleges that the "re-validation process was nothing more than a formality and an attempt to appear fair with the guise of several additional source items that were only introduced for the purpose of rejecting them as insufficient." Complaint, ¶ 27. He challenges the adequacy of the source items used to validate him as a gang associate.

Ruiz filed petitions for writ of habeas corpus in state court challenging the 2005 validation. The Del Norte County Superior Court, the California Court of Appeal and the California Supreme Court all denied habeas relief. He then filed a petition for writ of habeas corpus in this court, which was dismissed without prejudice to him filing a civil rights action. This action followed.

2

**DISCUSSION**

A.  Standards Of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Placement In Administrative Segregation

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of real substance. Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion

3

1 of the administrative tribunal could be deduced. Id. at 1105. There is some authority for the
2 proposition that the evidence relied upon to confine an inmate to the SHU for gang affiliation
3 must have "some indicia of reliability" to satisfy due process requirements. Madrid v.
4 Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); see also Toussaint v. McCarthy, 926
5 F.2d 800, 803 (9th Cir. 1990) (results of polygraph examination may not be considered
6 "unfailingly accurate" when used as evidence to support placement in administrative
7 segregation); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (evidence relied upon by a
8 prison disciplinary board must have "some indicia of reliability").

9 The complaint, liberally construed, states a claim for relief against defendant Harrison
10 for a due process violation based on the insufficiency and unreliability of the evidence used
11 to validate Ruiz in 2000-2001 as a gang associate and the failure to provide Ruiz notice and
12 an opportunity to be heard. The complaint does not state a claim against defendants Johnson
13 and Clement; these defendants allegedly provided the information used to validate Ruiz but
14 are not alleged to have been the actual decision-maker in the validation. It may be that the
15 claims concerning the 2000-2001 validation are time-barred or barred due to Ruiz's choice to
16 first pursue state habeas relief, but any such defenses are not complete and certain from the
17 face of the complaint and must be raised, if at all, by defendants.

18 The complaint, liberally construed, also states a claim for relief against defendants
19 Everett W. Fisher and Devon Hawkes for a due process violation based on the insufficiency
20 and unreliability of the evidence used to validate Ruiz in 2005 as a gang associate.

**CONCLUSION**

22 For the foregoing reasons,

23 1. Plaintiff's complaint states claims for relief under 42 U.S.C. § 1983 against
24 defendants John Harrison, Everett W. Fisher and Devon Hawkes for violations of his right to
25 due process based on the 2000-2001 and 2005 validations of plaintiff as a gang associate.
26 All other claims and all other defendants are dismissed.

27 2. The clerk shall issue a summons and the United States Marshal shall serve,
28 without prepayment of fees, the summons, a copy of the complaint, a copy of this order, and

4

a copy of all the other documents in the case file upon the following three individuals:

- John Harrison, a special agent in the Office of Correctional Safety at the California Department of Correction & Rehabilitation, 1515 S. Street, Sacramento, California.
- Everett W. Fisher, a special agent in the Office of Correctional Safety at the California Department of Correction & Rehabilitation, 1515 S. Street, Sacramento, California.
- Devon T. Hawkes, a correctional counselor II at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **November 23, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 28, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 18, 2008**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may

5

disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
Marilyn Hall Patel
United States District Judge