UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBEN J. RUIZ,

    Plaintiff,

v.

EVERETT W. FISCHER; et al.,

    Defendants.

No. C 07-326 MHP (pr)

**ORDER OF PARTIAL DISMISSAL AND SETTING BRIEFING SCHEDULE**

## INTRODUCTION

This case is now before the court for consideration of defendants' motion to dismiss the action as time-barred and for failure to exhaust administrative remedies. For the reasons discussed below, the motion will be granted in part. The claim against two defendants will be dismissed for failure to exhaust administrative remedies and a briefing schedule will be set for dispositive motions on the claim against the remaining defendant as to whom the action is not time-barred.

## BACKGROUND

In this action, Ruiz complains about decisions that led to him being placed in administrative segregation on an indefinite basis based on a determination that he was a validated associate of a prison gang. The court earlier determined that the complaint, liberally construed, stated claims for relief against two sets of defendants for two different decisions that affected Ruiz. First, a claim was stated against defendant John Harrison for a due process violation based on the insufficiency and unreliability of the evidence used to validate Ruiz in 2001 as a gang associate and the failure to provide Ruiz notice and an opportunity to be heard at that time. Second, a claim was stated against defendants Everett

Fischer and Devon Hawkes for a due process violation based on the insufficiency and unreliability of the evidence used to validate Ruiz as a gang associate at a new hearing in 2005.

Defendants now move to dismiss the action as to defendant Harrison on the ground that it is time-barred because it was not filed within a year of the accrual of the cause of action on March 14, 2001, when Ruiz received written notification that he had been validated as a prison gang affiliate. Defendants also move to dismiss the action as to defendant Hawkes and Fischer on the ground that Ruiz did not exhaust his administrative remedies as to the claim against them before he filed this action. Plaintiff opposes defendants' motion.

## VENUE AND JURISDICTION

Venue is proper in the Northern District of California because some of the events or omissions giving rise to the claims occurred in Del Norte County, which is located within the Northern District. See 28 U.S.C. §§ 84, 1391(b). This Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

## DISCUSSION

A. Motion To Dismiss Claim Against Harrison As Barred By Statute of Limitations

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court need not accept as true allegations that contradict facts

which may be judicially noticed by the court. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988).

Although a Rule 12(b)(6) motion usually is not available to raise an affirmative defense, it may be used when the complaint contains allegations showing a complete defense or bar to recovery, such as a statute of limitations problem. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Dismissal on statute of limitations grounds can be granted pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.

Defendants' motion requires the court to determine the date this action commenced, the applicable limitations period, the date on which the cause of action accrued, and the applicability of statutory or equitable tolling.

This action is deemed filed as of January 1, 2007, the signature date on the complaint, even though the envelope in which the complaint came to the courthouse was postmarked January 8, 2007, and was stamped "received" at the courthouse on January 10, 2007. For purposes of the present motion, the court assumes that Ruiz put the complaint in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

The limitations period for the claim against defendant Harrison is one year. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Because California has multiple statutes of limitations for different torts, the court borrows the general or residual statute for personal injury actions to use for a § 1983 action. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). The general residual statute of limitations for personal injury actions in 2001 was the one-year period set forth in California Code of Civil Procedure § 340(3) and that was the applicable limitations statute in § 1983 actions. See id. (The limitations period was changed from one year to two years effective January 1, 2003.)

The cause of action against defendant Harrison accrued no later than March 14, 2001.

3

1  Ruiz alleges that he was given oral notification on March 1, 2001 and written notification on
2  March 14, 2001 that he had been validated as a gang affiliate, and was transferred on April 1,
3  2001, from High Desert State Prison to Pelican Bay's SHU for an indeterminate term based
4  on the validation.  A cause of action generally "accrues when the plaintiff knows or has
5  reason to know of the injury which is the basis of the action."  Id. (citation and internal
6  quotation marks omitted).  Ruiz's verified complaint shows he actually knew of the injury
7  and factual basis for his causes of action against defendant no later than March 14, 2001.  See
8  Complaint, pp. 4-5.  Ruiz "concedes that his claims against Harrison accrued on March 14,
9  2001."  Opposition, p. 4.

10    Ruiz is not entitled to any tolling for the disability of imprisonment.  California
11  recognizes imprisonment as a disability that tolls the statute of limitations for a damages
12  claim for a maximum of two years when a person is "imprisoned on a criminal charge, or in
13  execution under the sentence of a criminal court for a term of less than for life."  Cal. Civ.
14  Proc. Code § 352.1(a).   The tolling allowed for the disability of imprisonment does not apply
15  to Ruiz because he is serving a sentence of life without the possibility of parole and therefore
16  is not serving a term of less than for life.  See Grasso v. McDonough Power Equip, 264 Cal.
17  App. 2d 597, 601 (Cal. Ct. App. 1968).  Defendants' request for judicial notice of the
18  abstract of judgment from Ruiz's state criminal case is granted.  The abstract of judgment
19  shows that Ruiz is serving a sentence of life without the possibility of parole.[1]

20    The parties agree that Ruiz should receive equitable tolling for the time during which
21  he was pursuing his prison administrative appeal.  See Brown v. Valoff, 422 F.3d 926, 942-
22  43 (9th Cir. 2005).  Here, his administrative appeal was first filed on April 15, 2001, and
23  ultimately denied at the director's level on December 26, 2001.  This means that before he
24  started his inmate appeal process, a month of his one-year limitations period had already
25  passed, and he had eleven months remaining when the tolling event ended on December 26,
26  2001.  He also states that he filed another administrative appeal directly to the LEIU and that
27  was pending for two months in 2002.  See Opposition, p. 7.
28

4

The main dispute here is whether there should be any equitable tolling for the time during which Ruiz was pursuing his state habeas actions. "Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983)). Upon satisfying that test, a plaintiff should be relieved from the limitations bar. Id. at 1140.

Here, the test is satisfied and Ruiz is entitled to equitable tolling for the time he was pursuing his habeas actions in state court. The filing of the state court action put Harrison on notice of Ruiz's claim that he (Harrison) had violated Ruiz's rights to notice, an opportunity to be heard, and to sufficient evidence in the course of causing him to be validated – even though Harrison was not a named defendant in that habeas action in which the warden was the nominal respondent. Cf. Azer, 306 F.3d at 936-37 (by filing an official-capacity action in state court plaintiff provided individual defendants within state office adequate notice that they might be subject to a civil rights suit for purposes of first prong of equitable tolling). As to the second prong, defendant Harrison has not shown any prejudice resulting from the delay and merely speculates that there may be some prejudice. See id. at 937 ("prejudice to the defendant . . . should be construed liberally in favor of the plaintiff"). Ruiz satisfied the third prong by his state court efforts to challenge the decision-making that caused him to be validated. The claims in Ruiz's 2002 state habeas petition directly challenged Harrison's 2001 decision, see Reply, p. 9. Although his 2005 state habeas petition challenged the 2005 validation proceedings and not the 2001 validation proceedings, it was part of a continued effort to have the 2001 validation set aside. The evidence in the 2001 and 2005 validations largely overlapped and there was some ambiguity for Ruiz as to whether the state appellate

5

court's decision on the 2002 state habeas petition intended there to be a new look at the sufficiency of the evidence or just a new notice and a new hearing. Under the circumstances, it cannot be said that Ruiz was not acting in good faith and diligently as he pursued his second state court action before filing this action. Ruiz's reasonable conduct continued even after he concluded his second round of state habeas petitions. After the May 17, 2006 denial of Ruiz's petition in the California Supreme Court, Ruiz commenced his first action in this court by filing a habeas petition on June 27, 2006. See Ruiz v. Horel, No. C 06-3792 MHP. On November 30, 2006, that action was dismissed without prejudice because Ruiz had filed a habeas petition and needed to file a civil rights complaint. Ruiz filed the civil rights complaint in this action a month later.

Having determined that Ruiz is entitled to equitable tolling for the time during which he was pursuing his state habeas petitions challenging the validation, the court concludes that the present action against defendant Harrison is not barred by the statute of limitations. The court therefore will deny that portion of defendants' motion to dismiss.

B.   Motion To Dismiss For Non-Exhaustion As To Claim Against Hawkes And Fischer

Defendants next argue that, in contrast to the claim against defendant Harrison – which defendants contend was filed too late – the claim against defendants Hawkes and Fisher was filed too early. Ruiz's claim against Hawkes and Fisher is based on their activities in validating him during validation proceedings in 2005. The parties agree that Ruiz never filed an inmate appeal that received a director's level decision on the 2005 validation. Ruiz contends, and defendants dispute, that the exhaustion of administrative remedies for the 2001 validation counts for the 2005 validation and that he was excused from filing the inmate appeal by defendants' waiver. The court finds neither of Ruiz's arguments persuasive.

Exhaustion of prison administrative remedies is required under 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The State of California provides its inmates and parolees the right to appeal administratively "any

6

departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Ruiz never filed an inmate appeal that concerned the 2005 validation proceedings. The inmate appeal Ruiz filed in 2001 did not exhaust administrative remedies for the 2005 validation decision. The 2001 inmate appeal predated the misconduct alleged in this action

7

with regard to the 2005 validation decision and therefore did not exhaust.  His complaint and exhibits thereto plainly show that there were additional items used to validate him in 2005 that had not been used in the 2001 validation decision. The validation in 2001 was based on two CDC-128Bs dated November 13, 2000 (one related to an address book and one related to a drawing), a confidential memo dated April 11, 1995, a confidential memo dated May 22, 1995, and a debriefing dated September 8, 1998. See Complaint, ¶¶ 10, 18, Exh. A.  (The September 8, 1998 item was later removed as duplicative of the May 22, 1995 item.)  The 2005 validation was based on additional source items – i.e., an October 7, 2002 CDC-115 supported by a CDC128B dated October 7, 2002 – as well as the documents that had been used in 2001. See Complaint, ¶¶ 24-25, Exhs. E and F.  Because the 2005 validation was made by different actors, and was made using new and additional information, the inmate appeal filed four years earlier did not suffice to exhaust administrative remedies for the 2005 validation decision.

The court rejects Ruiz's argument that defendants waived the exhaustion requirement. The factual basis for this argument is that in the course of Ruiz's state habeas challenge to the 2000 validation, a Deputy Attorney General stated at a hearing that if Ruiz was granted a new prison hearing on his gang validation and chose later to contest it, the defendants in that case would agree to let him contest the re-hearing without first requiring that he avail himself of the prison's administrative remedies.  The problem with Ruiz's waiver argument is that neither of these two defendants (i.e., Hawkes and Fischer) was a party to the state habeas action.  Although the California Attorney General's office appeared in both the state court case and this case, that does not mean that everything that office does binds all the many state employees who might at some point become "clients" of that office.  At the time of the statement made in state court, defendants Hawkes and Fischer had not even done the acts that are the subject of this civil rights action, and were not being represented by the Attorney General's office.  There was no waiver of the PLRA administrative exhaustion requirement.

The prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal."  Woodford v. Ngo, 548

8

1 U.S. at 83-84.  He must complete the administrative review process in accordance with the
2 applicable procedural rules, including deadlines, as a precondition to bringing suit in federal
3 court.  See id. at 90-91.  Ruiz did not.  Defendants have carried their burden to prove that
4 Ruiz did not satisfy the exhaustion requirement with regard to his Fourteenth Amendment
5 claim against defendants Hawkes and Fischer for the 2005 validation.  The action against
6 them must be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part.  (Docket # 18.)  The action is dismissed without prejudice as to defendants Hawkes and Fischer because administrative remedies were not exhausted for the claim against them before the action was filed. )   The claim against defendant Harrison is not time-barred and therefore is not dismissed.

The court now sets the following briefing schedule on the claim against defendant Harrison:

1. No later than **April 10, 2009**, defendant must file and serve a motion for summary judgment.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

2. Plaintiff's opposition to the summary judgment must be filed and served upon defendant's counsel no later than **May 15, 2009**.  Plaintiff must bear in mind the notice and warning regarding summary judgment from the order of service as he prepares his opposition to any summary judgment motion.

3. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 5, 2009**.

IT IS SO ORDERED.

Dated: February 4, 2009

_____
Marilyn Hall Patel
United States District Judge

9

# **NOTE**

1.      Ruiz argues that the distinction between life and non-life prisoners in California Code of Civil Procedure § 352.1 violates equal protection and therefore it should be ignored. His argument is not persuasive. Section 352.1 would only toll a claim for damages, and would not toll a claim for equitable or injunctive relief, regardless of whether the inmate was in prison for less than life.

The "appropriate level of equal protection review in this case is the 'rational basis test,' which applies to challenges of legislative acts that neither affect the exercise of fundamental rights, nor classify persons based on protected characteristics, such as race, alienage, national origin, or sex." Fields v. Legacy Health System, 413 F.3d 943, 955 (9th Cir. 2005) (rejecting equal protection challenge to Oregon's wrongful death statute of limitations). Under the rational basis test, a statute is generally presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to legitimate state interests and stricken only if it is "wholly irrational." Id. "The challenger bears the burden of negating every conceivable basis which might support the legislative classification, whether or not the basis has a foundation in the record." Id.

Ruiz has not met his burden. One California court has identified the purpose of the distinction, i.e., that only those persons who might be able to leave prison to enjoy the economic fruits of their litigation efforts should receive the tolling for imprisonment. See Grasso v. McDonough Power Equip., Inc., 264 Cal. App. 2d 597, 600-01 (Cal. Ct. App. 1968). Although Grasso was referring to a predecessor to § 352.1, the predecessor statute (i.e., § 352) made the same distinction between the inmates in prison for life and inmates in prison for less than life. Indeed, the distinction apparently has existed since a statutory enactment in 1872. See Grasso, 264 Cal. App. 2d at 599. Although the reason for the distinction is not a compelling one, it cannot be said that it is "'wholly irrational,'" Fields, 413 F.3d at 955. The distinction passes the rational basis test and treating the life inmate different for purposes of the tolling provision for the statute of limitations does not violate equal protection.