UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBEN J. RUIZ,        No. C 07-326 MHP (pr)

    Plaintiff,        **ORDER**

    v.

EVERETT W. FISCHER; et al.,

    Defendants.
                                    /

    In this action, plaintiff complains about decisions that led to him being placed in administrative segregation based on a determination that he was a validated associate of a prison gang. Most of the claims have been resolved against plaintiff. The only claim remaining for adjudication is the claim against defendant Harrison that the evidence used to validate plaintiff violated his right to due process because it was insufficient and unreliable.

    On June 10, 2010, defendant filed a motion for summary judgment and a motion to file three exhibits and one paragraph of a declaration under seal. On July 2, 2010, the court granted the motion to file document under seal. A couple of weeks later, plaintiff filed a belated opposition to the motion to file documents under seal as well as a motion for appointment of counsel, a motion to continue the summary judgment motion, and a motion for extension of time to oppose the motion for summary judgment. This order addresses plaintiff's several motions, as well as defendant's motion to stay discovery.

A. <u>The Sealed Documents</u>

Plaintiff filed his opposition to defendant's motion to seal documents five weeks after the motion was filed and almost two weeks after the court had granted it. The opposition was late. Nonetheless, the court has read and considered the arguments asserted therein. Upon due consideration of those arguments, the court declines to disturb its earlier decision to seal the documents.

Prison gangs generally are understood to be "committed to fear and violence as a means of disciplining their own members and their rivals" and "seek nothing less than to control prison life and to extend their power outside prison walls." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 227 (2005). The materials the defendant sought to have sealed include detailed information about a prison gang and plaintiff's connection to it. As the court earlier found, defendant demonstrated that the confidential information in the documents and the declaration, if disclosed, would create a severe risk to the safety of other prisoners and institutional security. Plaintiff has not shown otherwise.

Plaintiff requested that the court consider issuance of a protective order that would allow him (and his counsel, if counsel was appointed) access to the documents with the name of any informant and information that would identify the informant redacted. This proposal is utterly unworkable for these particular documents because the documents have informant-identifying and gang information throughout them. So much of the documents (especially exhibits C and F) would have to be redacted that they would be of no value to plaintiff. There are bits of information – e.g., informant and gang affiliates' names, descriptions of events, descriptions of the places where events occurred, and the other inmates incriminated – throughout the documents that are like pieces of a puzzle for someone trying to figure out who the informant is as well as what prison officials know about the gang. The court is not saying that plaintiff intends to use the information that way, but it also is unwilling to say that such use is not a possibility. Because of the possibility of misuse of the information and the danger that would follow, the evidence will not be disclosed to plaintiff. The court notes further that plaintiff is already in prison for life, making this a case in which the court's

contempt powers of little value in enforcing any protective order.

Plaintiff also argued that, without seeing the documents, he could not dispute their accuracy and present evidence controverting statements in the documents. The "some evidence" test that will be applied does not call for the wide-ranging debate plaintiff contemplates. See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) ("Under Hill, we do not examine the entire record, independently assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion'").

The documents will remain sealed and not available to plaintiff to view. Plaintiff will have to prepare his opposition to the motion for summary judgment without the use of the sealed documents.

B.   Motion To Appoint Counsel

Ruiz has moved for appointment of counsel to represent him in this matter. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). At this stage of the proceedings, it appears that there is not a likelihood of success on the merits and it appears that plaintiff is able articulate his claims and arguments well. The fact that sealed documents well be considered does not require that counsel be appointed in light of the limited inquiry made under the some evidence test. The motion for appointment of counsel is DENIED. (Docket # 92.)

C.   Stay of Discovery

Defendant has moved to stay discovery pending a ruling on his motion for summary judgment that raises the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of

3

qualified immunity is settled.  See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The motion to stay discovery is GRANTED.  (Docket # 86.)  Discovery is now stayed until the court rules on the pending motion for summary judgment.  Plaintiff must prepare his opposition to the motion for summary judgment without benefit of any further discovery from defendant.

D.     Requests For Continuance and Extension Of Time

Plaintiff has requested Rule 56(f) continuance of the motion for summary judgment opposition deadline until 35 days after he received the court's ruling, the sealed evidence and some discovery.

Under limited circumstances, consideration of a summary judgment motion may be delayed so that a non-movant may gather evidence for his opposition.  The court may deny or continue a motion to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(f).  The party requesting the continuance must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

A denial or continuance of the motion for summary judgment is not appropriate here because plaintiff does not make the requisite showing.  The court has determined that the sealed documents will not be made available to plaintiff even in redacted form.   Plaintiff does not identify a particular document or piece of evidence that is essential to his opposition but instead wants discovery in hopes of finding something that might help him ward off summary judgment.  Plaintiff has received responses to several of his discovery requests, although there is now outstanding (and therefore subject to the stay of discovery) a set of requests for admissions to defendant.  Those requests for admissions largely seek to learn the substance of the confidential information used against plaintiff.

4

1    Plaintiff has not shown that a continuance should be granted because he has not
2 shown that evidence exists that will (not merely might) enable him to present facts essential
3 to justify his opposition to summary judgment.  See Tatum, 441 F.3d at 1100; Chance v. Pac-
4 Tel Teletract, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).  Requiring discovery which has
5 only the possibility of eventually leading to evidence that might enable plaintiff to avoid
6 summary judgment also would undermine the purpose of qualified immunity, which provides
7 "immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case
8 is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  For
9 all these reasons, the Rule 56(f) motion is DENIED.  (Docket # 90.)

10 E.    New Deadlines

11    Plaintiff filed a request for a 30-day extension of time to file his opposition to the
12 motion for summary judgment.   Upon due consideration, the court GRANTS the requested
13 30-day extension of the current deadline.  (Docket # 89.)  The court sets the following new
14 deadlines for briefing on defendant's motion for summary judgment.

15        a.    No later than **August 27, 2010**, plaintiff must file and serve upon
16 defendant's counsel his opposition to the summary judgment.  Plaintiff must bear in mind the
17 notice and warning regarding summary judgment from the order of service as he prepares his
18 opposition to any summary judgment motion.  No further extensions of this deadline will be
19 permitted.  If the opposition is not filed by this deadline, the motion will be deemed
20 unopposed.

21        b.    If defendant wishes to file a reply brief, the reply brief must be filed and
22 served no later than **September 13, 2010**.

23    Finally, plaintiff stated that he "filed" his request for an extension of time when he
24 gave it to prison officials to photocopy and mail.  He misunderstood the prisoner mailbox
25 / / /

26
27
28

5

rule. A document is deemed filed when it is given to prison officials to mail to the court, not when it is given to prison officials to take some other action (such as photocopying it) and then mail it to the court. Plaintiff thus is cautioned that his future filings must be put in the prison mail – not given to prison officials to first photocopy and then mail -- by the deadline.

IT IS SO ORDERED.

Dated: July 22, 2010

Marilyn Hall Patel
United States District Judge